United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40119
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LEONEL HERNANDEZ FLORES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-601-1
--------------------

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Leonel Hernandez Flores (Hernandez) appeals the sentence that he received after he pleaded guilty to illegal reentry following deportation. Hernandez argues that the district court's sentence under Guidelines it deemed mandatory was plain error under United States v. Booker, 125 S. Ct. 738 (2005). He also argues that the district court's increase in his sentence under U.S.S.G. § 2L1.2(b)(1)(A)(i) for a 1999 California drug conviction was plain error, a point the Government concedes.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Under the terms of the plea agreement, Hernandez expressly waived the right to appeal his sentence but retained the right to appeal "a sentence imposed above the statutory maximum" or "'an upward departure.'" At the rearraignment, the magistrate judge explained to Hernandez that under the terms of his agreement he gave up his right to appeal his case but told Hernandez: "You could appeal for an illegal sentence, however."

The Government seeks to enforce the appeal waiver. The magistrate judge, however, failed to comply with FED. R. CRIM. P. 11(b)(1)(N) when he described the appeal waiver because the right to appeal an illegal sentence is broader than the right to appeal only a sentence imposed in excess of the statutory maximum or an upward departure from the Sentencing Guidelines. Given the district court's Rule 11 error, we cannot conclude that Hernandez knowingly waived his right to appeal the district court's application of the Guidelines. United States v. Robinson, 187 F.3d 516, 517-18 (5th Cir. 1999); United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994). Therefore, we do not enforce the appeal waiver.

In light of our recent decision in United States v. Garza-Lopez, 410 F.3d 268, 273-75 (5th Cir. 2005), petition for cert. filed (Aug. 10, 2005) (No. 05-5892), the district court's application of U.S.S.G. § 2L1.2(b)(1)(A)(i) was reversible plain error. Thus, Hernandez's sentence is VACATED, and the case is REMANDED for resentencing.

Because Hernandez's sentence is vacated, this court need not address his argument that the district court committed error under Booker by sentencing him under a mandatory guidelines regime.  See Garza-Lopez, 410 F.3d at 275 & n.2.

VACATED; REMANDED.